UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HARRIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BRYAN D. PHILLIPS, *ET AL.*,<br><br>　　　　Defendants. | Case No. 1:23-CV-01054-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO REQUIRE THAT PLAINTIFF PAY THE $405 FILING FEE IN FULL IF HE WANTS TO PROCEED WITH THIS ACTION<br><br>AND<br><br>ORDER TO APPOINT DISTRICT JUDGE<br><br>(ECF Nos. 13, 14)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

　　　　Plaintiff Marvin Harris is a state prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983 against various prison officials. (ECF No. 1). Plaintiff claims that defendants are stealing money from his inmate trust fund account by making deductions for various court filing fees he owes. (*Id.* at 2). Plaintiff filed two applications to proceed *in forma pauperis*, on August 9 and 14, 2023. (ECF Nos. 13, 14).

　　　　Because the Court concludes that Plaintiff had at least three "strikes" prior to filing this action and because Plaintiff was not in imminent danger of serious physical injury at the time he filed it, the Court will recommend that Plaintiff's motions to proceed *in forma pauperis* be denied and that Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

I.   **THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g):**

Pertinent here is the so called "three strikes provision" of 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In determining whether a dismissal counts as a "strike" under § 1915(g), "the reviewing court looks to the dismissing court's action and the reasons underlying it. . . . This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). The Ninth Circuit has "interpreted the final form of dismissal under the statute, 'fail[ure] to state a claim upon which relief may be granted,' to be essentially synonymous with a Federal Rule of Civil Procedure 12(b)(6) dismissal." *Id.* (alteration in original).

II.   **ANALYSIS**

   A.   **Strikes**

Plaintiff filed this action on July 6, 2023. (ECF No. 1). The Court takes judicial notice of the following district court cases, each of which counts as a "strike":

   (1) *Harris v. Cisneros, et al.*, 4:22-cv-03641-PJH (N.D. Cal. Sep. 8, 2022) (dismissing the case for failure to state a claim by order filed on September 8, 2022, ECF No. 13);

   (2) *Harris v. Hickey*, No. 1:96-cv-5770 GEB HGB PC (E.D. Cal.) (dismissed as frivolous by order filed on April 7, 1997);

   (3) *Harris v. Hickey*, No. 1:97-cv-5186 REC HGB PC (E.D. Cal.) (dismissed as frivolous by order filed on July 28, 1997);

(4) *Harris v. Coyle*, No. 1:97-cv-5508 AWI-DLB PC (E.D. Cal.) (dismissed as frivolous, malicious, and for failure to state a claim by order filed on January 21, 1999).

The Court also takes judicial notice of the Court's orders *Harris v. Harris, et al.*, ECF No. 6, 2:14-cv-00977-KJM-KJN (E.D. Cal. May 21, 2014), *report and recommendation adopted*, ECF No. 10 (E.D. Cal. July 31, 2014); and *Harris v. Virga*, ECF No. 7, 2:13-cv-00932-GEB-AC (E.D. Cal. June 18, 2013), *report and recommendation adopted*, ECF No. 9 (E.D. Cal. July 8, 2013);[1] in which this Court found that Plaintiff is subject to 28 U.S.C. § 1915(g)—and has been since July 28, 1997—and denied Plaintiff's applications to proceed *in forma pauperis*.

The Court's review of the above records reveals that on at least three occasions, prior to the filing of the instant action, lawsuits filed by Plaintiff have been dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Therefore, as in this Court's decisions in *Harris*, 2:14-cv-00977-KJM-KJN, and *Virga*, 2:13-cv-00932-GEB-AC, the Court again finds that Plaintiff is precluded from proceeding *in forma pauperis* in this case unless he demonstrates he meets the "imminent danger" exception.

### B. Imminent Danger

Because Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

#### 1. Legal Standards

The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-CV-01421-LJO-GSA (PC), 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

---

[1] The Ninth Circuit dismissed Plaintiff's appeal of this decision with the statement "[b]ecause the appeal is so insubstantial as to not warrant further review, it shall not be permitted to proceed." *Harris v. Virga*, ECF No. 13, 2:13-cv-00932-GEB-AC (E.D. Cal. Aug. 27, 2013).

To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231–32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, there is a nexus requirement between the danger alleged and the claims asserted: "[t]o qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). Because Plaintiff is *pro se*, in making the imminent danger determination, the Court must liberally construe Plaintiff's allegations. *Andrews*, 493 F.3d at 1055.

### 2. Plaintiff's Complaint

Plaintiff's complaint sues Bryan D. Phillips, Warden of California Substance Abuse Treatment Facility (CSATF); M. Gallegos, prison canteen manager, S. Marsh, AW, and Ruiz, ITA. (ECF No. 1 at 1).[2] Elsewhere in his complaint, he also names John Doe, Director of CDCR as a defendant. (*Id.* at 8). Plaintiff alleges that since 1991, California Department of Corrections (CDCR) has been stealing money from his inmate trust account by taking money for payment of court fees. (*Id.* at 2). He claims that CSATF medical staff "has been very unprofessional when [they] pass out supplies or medications," that Plaintiff does not "have any medical tape supplies," that medical staff issued "inappropriate rule violation report," and that they lack guidance from Warden Phillips regarding the importance of providing disability accommodations. (*Id.* at 9). Plaintiff states that Theresa Cisceros [not a defendant] does not accept service for inmates. (*Id.* at 10). He also alleges that "the litigation coordinator and Theresa Cisceros warden [neither a defendant]" violate California penal code by refusing to deliver the filing fees. (*Id.*) Plaintiff seeks injunctive relief against Warden Phillips and trust

---

[2] Page numbers refer to the blue CM/ECF numbers in the top right corner of the document.

account officer Ruiz "to stop taken [sic] my money out of trust account for filing fee for cases" and for compensatory and punitive damages of $6.9 million and $28.8 million, respectively. (*Id.* at 13). Elsewhere in his complaint, Plaintiff states that he seeks $99 quintillion in punitive and the same amount in compensatory damages against each defendant. (*Id.* at 28). Plaintiff also states legal standards for equal protection claim and asserts that he is a member of a protected class based on race. (*Id.* at 15–19). Plaintiff then states legal standards for showing an Americans with Disabilities Act (ADA) violations, then references exhibits. (*Id.* at 20–24). However, no exhibits are attached.

The complaint omits any reference to imminent physical injury, and none can be reasonably inferred. The Court finds that plaintiff has failed to demonstrate that he was in imminent danger of physical injury when he filed the complaint. For this reason, Plaintiff is precluded from proceeding *in forma pauperis* in this action under § 1915(g). Accordingly, the Court will recommend that Plaintiff's applications to proceed *in forma pauperis* be denied and that Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

### III.   ORDER AND RECOMMENDATIONS

The Court funds that under § 1915(g) Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, **IT IS ORDERED** that the Clerk of Court shall assign a district judge to this case.

In addition, **IT IS RECOMMENDED** that:

1. Plaintiff's applications to proceed *in forma pauperis* be **DENIED** (ECF No. 13, ECF No. 14);
2. Pursuant to 28 U.S.C. § 1915(g), Plaintiff be directed to pay the $405.00 filing fee in full if he wants to proceed with this action;
3. Plaintiff be advised that failure to pay the filing fee in full will result in the dismissal of this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within

thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 1, 2024**                                     /s/ Erica P. Grosjean
                                                                                    UNITED STATES MAGISTRATE JUDGE