1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARVIN HARRIS, | Case No.: 1:23-cv-1054 JLT EPG (PC) |
| Plaintiff, | ORDER DISMISSING THE ACTION WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE, TERMINATING PLAINTIFF'S MOTIONS AND THE PENDING FINDINGS AND RECOMMENDATIONS AS MOOT, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE |
| v. | |
| B.D. PHILLIPS, et al., | |
| Defendants. | |

Marvin Harris seeks to hold the defendants liable for violations of his civil rights while incarcerated in the Substance Abuse Treatment Facility at Corcoran State Prison.  (*See generally* Doc. 1.)  Because Plaintiff failed to prosecute this action, as discussed below, the action is **DISMISSED** without prejudice.

**I.     Relevant Background**

Plaintiff initiated this action by filing a complaint in the Northern District of California, with a letter regarding proceeding *in forma pauperis*.  (Docs. 1, 2.)  After the matter was transferred to the Eastern District, the Court issued its new case documents, which informed Plaintiff of his obligation to keep the Court informed of his proper address under the Local Rules.  (Doc. 8 at 5.)  The Court also directed Plaintiff to file a complete application to proceed IFP, or to pay the filing fee in full.  (Docs. 8, 9.)  Plaintiff then moved to proceed IFP in this action.  (Docs. 13, 14.)

The magistrate judge found Plaintiff is subject to the three-strikes bar of 28 U.S.C. § 1915(g),

1  after identifying several cases that were dismissed prior to the filing of this action.  (Doc. 18 at 2-3.)

2  The magistrate judge also found Plaintiff fails to show he was in imminent danger of serious physical

3  injury, such that an exception to Section 1915 applies.  (*Id.* at 3-4.)  Therefore, the magistrate judge

4  recommended Plaintiff's motion to proceed *in forma pauperis* be denied and that Plaintiff be ordered

5  to pay the filing fee.  (*Id.* at 3-5.)

6       The Court served the Findings and Recommendations on Plaintiff at the address on record.

7  However, the U.S. Postal Service returned the document as undeliverable on April 19, 2024.  To date,

8  Plaintiff has not filed a Notice of Change of Address or taken any other action to continue to prosecute

9  his claims.

10  **II.     Requirements of the Local Rules**

11       Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the

12  Court apprised of his current address: "If mail directed to a plaintiff in propria persona by the Clerk is

13  returned by the U.S. Postal Service, and  if such plaintiff fails to notify the Court and opposing parties

14  within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without

15  prejudice for failure to prosecute." LR 183(b). Because more than 63 days have passed since the U.S.

16  Postal Service returned the Findings and Recommendations as undeliverable, Plaintiff failed to

17  comply with the Local Rules.

18  **III.    Failure to Prosecute and Obey the Court's Orders**

19       The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

20  party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

21  and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have inherent

22  power to control their dockets," and in exercising that power, a court may impose sanctions including

23  dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir.

24  1986).  A court may dismiss an action based on a party's failure to prosecute, failure to obey a court

25  order, or failure to comply with local rules.  *See, e.g*., *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir.

26  2995) (dismissal for failure to comply with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61

27  (9th Cir. 1992) (dismissal for failure to comply with an order); *Henderson v. Duncan,* 779 F.2d 1421,

28  1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**IV.     Discussion and Analysis**

To determine whether to impose terminating sanctions for Plaintiff's failure to comply with the Local Rules and failure to prosecute, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

**A.     Public interest and the Court's docket**

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance where Plaintiff fails to continue the prosecution of his claims. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, these factors weigh in favor of dismissal of the action.

**B.     Prejudice to Defendants**

To determine whether the defendant suffer prejudice, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Service,* 833 F.2d 128, 131 (9th Cir. 1987) (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudice arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The Ninth Circuit observed, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation,* 460 F.3d 1217, 1228 (9th Cir. 2006). Plaintiff did not inform the Court of his new mailing address, despite being ordered to keep the Court "informed of [his] correct current address," consistent with the requirements

3

of Local Rule 182(f).  (*See* Doc. 8 at 5.)  The Court is unable to communicate with Plaintiff and if the matter were to move forward, Defendants would suffer prejudice due to the inability to contact him. Therefore, this factor weighs in favor of dismissal of the action.

### C.      Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986).  However, a court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement.  *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262.  As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

In the "First Informational Order," the Court warned Plaintiff that "[i]f a pro se plaintiff's address is not updated within sixty−three (63) days of mail being returned as undeliverable, the case will be dismissed for failure to prosecute."  (Doc. 8 at 5, citing Local Rule 183(b).)  Thus, the Court clearly indicated terminating sanctions may be imposed for failure to comply with the order and the Local Rules.  Importantly, the Court need only warn a party once that the matter could be dismissed for failure to comply to satisfy the requirements of Rule 41.  *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative sanction).  Accordingly, the warning satisfied the requirement that the Court consider lesser sanctions, and this factor weighs in favor of dismissal of the action.  *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

### D.      Public policy

Given Plaintiff's failures—including to prosecute the action, comply with the Court's order, and comply with the local rules— the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.  *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits… weighs against dismissal, it is not sufficient to outweigh the other four factors").

///

4

## V.      Conclusion and Order

Plaintiff failed to comply with the Local Rules and the order requiring Plaintiff to keep the Court informed of a proper mailing address.  Through such actions, he also failed to prosecute this action. For the reasons set forth above, the Court finds terminating sanctions are appropriate. Accordingly, the Court **ORDERS**:

1.      This action is **DISMISSED** without prejudice.

2.      The Findings and Recommendations dated April 1, 2024 (Doc. 18) are terminated as **MOOT**.

3.      Plaintiff's motions to proceed *in forma pauperis* (Docs. 13 and 14) are terminated as **MOOT**.

4.      The Clerk of Court is directed to close this case.


IT IS SO ORDERED.

Dated:   __**June 30, 2024**__

UNITED STATES DISTRICT JUDGE